UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RANDY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 5:13-CV-306-JMH |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL ) | **AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\*

The plaintiff, Randy Harris, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id*. The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v.*

*Commissioner of Social Security,* 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. See *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a mere scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the Court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her,* 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984).

II. HARRIS' MEDICAL HISTORY AND THE ADMINISTRATIVE RECORD

Harris filed this DIB claim on September 29, 2010 [TR 184-87]. He claims that he became disabled and unable to work on August 15, 2010 due to diabetes, neuropathy and poor eyesight, disabling fatigue, and depression [TR 184, 194, 202]. Harris' DIB claim was denied initially and upon reconsideration. At his request, a hearing before an administrative law judge ("ALJ") was held on April 9, 2012 [TR 31-58].

At the hearing, Harris testified that his last day of work was August 15, 2010 [TR 38]. At that time, he was thirty seven years old and worked as a welder [TR 37, 40]. Harris testified that he is a high school graduate with past work experience as a welder, a cab driver, and a carpenter [TR 39, 40-41]. He explained that he suffers from severe back pain on both sides of his back and that his left leg, down to his left foot, hurts severely. He also testified that he suffers from headaches, left shoulder pain, and nausea [TR 42, 44]. He stated that he could comfortably lift 10 to 20 pounds, stand in one location for 10 to 15 minutes without a break, walk a block, sit in a chair for an hour, and climb stairs [TR 47]. Harris described his daily activities as caring for his three-year-old son, lying on the couch, watching television, and attending church [TR 47-49].

Also at the hearing, the ALJ heard testimony from the vocational expert ("VE"), Gina Baldwin. She was asked to

consider the following hypothetical individual who is limited to light level work with the following limitations:

> stand and walk up to four hours of an eight-hour day, limited to never pushing and pulling with the leg, never climbing ladders, ropes or scaffolds, frequently balance with the need to avoid all exposure to the operational controls of moving machinery and unprotected heights.

[TR 56]. Based on these hypothetical limitations, and assuming an individual with Harris' vocational factors, the VE testified that Harris could not perform his past relevant work. However, the VE did opine that, based on Harris' age, education, and work history, there are other jobs that exist in significant numbers in the national economy that he could perform [TR 56].

After considering all the evidence in the administrative record, including the testimony of Harris and Baldwin, the ALJ issued a decision finding Harris not disabled on May 9, 2012 [TR 16-24]. In reaching her decision, the ALJ first determined that Harris meets the insured status requirements of the Social Security Act through December 31, 2015 [TR 18]. The ALJ then began her analysis at step one by determining that Harris has not engaged in substantial gainful activity since August 15, 2010 (the alleged onset date) [TR 18].

At step two, the ALJ found that Harris suffers from the severe impairment of degenerative disc disease [TR 19]. Continuing on to the third step, the ALJ determined that this

5

impairment is not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 19]. Next, the ALJ reviewed the record to determine Harris' residual functional capacity, or RFC. An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ found that Harris has the RFC to perform the exertional and nonexertional demands of light work, except he is limited to standing/walking only four hours out of an eight-hour day, and he should never push/pull with the lower extremities, nor should he climb ladders, ropes, or scaffolds. He can frequently balance, but should avoid all exposure to hazards [TR 19].

Based on the testimony of the VE, the ALJ determined at the fourth step that Harris could not perform his past relevant work [TR 23]. However, relying on the VE's finding that there are a significant number of jobs in the national economy that an individual with Harris' vocational factors and RFC could perform, the ALJ found that Harris was not disabled from August 15, 2010 through the date of her decision [TR 24].

Harris subsequently requested review by the Appeals Council. The Appeals Council denied Harris' request for review on August 5, 2013 [TR 1-3]. He has exhausted his administrative remedies

6

and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

III. ANALYSIS

In support of his appeal, Harris argues that the ALJ failed to properly evaluate the medical source opinion of his treating physician, Ira Potter, M.D. In a medical statement signed by Dr. Potter in February 2011, he opined that Harris was limited to lifting and/or carrying eight to ten pounds occasionally and five to six pounds frequently, standing/walking for two and one-half hours out of an eight-hour workday, 30 minutes without interruption, and sitting for three hours out of an eight-hour workday, one hour without interruption. He also opined that Harris could occasionally balance, stoop, kneel or crouch but never climb or crawl, and must avoid pushing and pulling [TR 744-49]. The ALJ, however, gave little weight to Dr. Potter's medical opinion.

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters*, 127 F.3d at 530-31; *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference").

Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris,* 756 F.2d at 435. If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Walters,* 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20 C.F.R. § 404.1527(d)(2). Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner,* 378 F.3d

541, 544 (6th Cir. 2004). In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

In the Sixth Circuit, however, a treating source opinion should be given controlling weight only when it is well-supported by clinical and laboratory findings, and is consistent with other evidence of record. *Houston v. Secretary of Health and Human Services,* 736 F.2d 365, 367 (6th Cir. 1984); *Crouch v. Secretary of Health and Human Services,* 909 F.2d 852, 856 (6th Cir. 1990); see also, 20 C.F.R. §§ 416.927(b), (d)(2), (3)-(4). The Commissioner is not bound by a mere conclusory statement of a treating physician, particularly where it is unsupported by detailed, objective criteria and documentation. *See Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). In other words, the supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, and in particular, support the opinion with medical signs and laboratory findings. 20 C.F.R. §§ 416.927(a), (d)(3). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic

techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *2 (1996).

While Harris argues that Dr. Potter was a treating physician whose opinion is entitled to controlling weight, the ALJ disagreed and gave "good reasons" for so doing. First, the ALJ noted that Harris testified that he could lift 10 to 20 pounds, and that he could lift his 35 pound, three year old son. Thus, based on Harris' own testimony, the ALJ found that Dr. Potter's assessment was not supportable. Second, the ALJ found that the opinion was not supported by other medical evidence of record. Specifically, the ALJ pointed to an MRI of May 2011 which showed Harris' lumbar spine has "satisfactory postsurgical appearance of L4-5 with metallic hardware and no evidence of disc herniation or high-grade spinal stenosis," and only mild bulging disc at L3-4 through L5-S1 [TR 22]. The ALJ also noted that in subsequent treatment records from December 2011, Harris complained more about gout than back pain [TR 22]. Finally, the ALJ considered the treatment records from Amanda Applegate, M.D., who treated Harris from 2007-2012. In September 2010, Dr. Applegate noted that Harris would be unable to return to the type of physical labor that he was used to doing. However, by February 2012, she noted his normal gait and station and only prescribed conservative treatment [TR 819].

The ALJ's decision to give little weight to Dr. Potter's opinion is supported not only by the evidence cited by the ALJ, but also by the following additional evidence. In January 2010, Karin R. Swartz performed a neurological consultation of Harris. At that time, Harris reported that he could walk for five minutes, drive a car, and put on his shoes and socks, but that he was bothered by coughing, straining, and sneezing. She found normal gait, ability to heel/toe walk without difficulty, and measured his strength at 5/5. She recommended conservative treatment, including exercise, pain management, lowering his pain medication, and eliminating hydrocodone [TR 496-499].

An examination by state agency medical consultant Carlos Hernandez, M.D., also supports the ALJ's decision. State agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence. See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c); 406.1527(d)(4); SSR 96-6p, 1996 WL 374180. Dr. Hernandez reviewed Harris' medical records and concluded that he could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for a total of four hours, sit for six hours out of an eight-hour workday, with limited push/pull for the lower extremities, and no climbing ladders, ropes or scaffolds and he must avoid exposure to hazardous machinery and heights. He found that Harris could

frequently balance, with unlimited climbing of stairs and ramps [TR 108-110]. Other medical evidence also supports the ALJ's decision to afford little weight to Dr. Potter's opinion. In October 2010, an MRI of his lumbar spine demonstrated postsurgical changes, with no evidence of fracture or other pathology [TR 695]. A May 2011 MRI showed that his lumbar spine has "satisfactory postsurgical appearance of L4-5 with metallic hardware and no evidence of disc herniation or high-grade spinal stenosis" and only mild bulging disc at L3/4 through L5/S1 [TR 765]. Finally, Harris' own reported activities of daily living undermine his allegations of total disability. See Walters v. Commissioner, 127 F.3d 525, 531-32 (6th Cir. 1997)(an ALJ may consider household, social and daily activities in evaluating credibility); see also 20 C.F.R. § 404.1529(a). Caring for his three-year old son, watching television, and attending church are not consistent with total disability.

For all these reasons, the Court finds that substantial evidence supports the ALJ's decision to afford little weight to Dr. Potter's disabling opinion. Furthermore, the ALJ gave sufficient "good reasons" for failing to afford greater weight to this treating physician's opinion. In sum, Harris has failed to meet his burden of proving that his condition caused more disabling limitations than those found by the ALJ. The ALJ properly considered the relevant evidence and properly analyzed

all the evidence in accordance with the sequential evaluation process. As set out above, substantial evidence supports the ALJ's findings, and her conclusion that Harris is not disabled within the meaning of the Social Security Act.

IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

(1) the plaintiff's motion for summary judgment [DE #12] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #16] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This July 22, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge